**XIAN YUE LIN, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 05–1197–ag.**

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

---

Lin Li, New York, NY, for petitioner.

Michael J. Garcia, United States, Attorney for the Southern District, of New York; Benjamin H. Torrance, David S. Jones, Assistant United States Attorneys, New York, NY, for respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xian Yue Lin, a native and citizen of the People's Republic of China, seeks review of a February 22, 2005 order of the BIA affirming the January 20, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Yue Lin*,[2] No. A 77 993 890 (B.I.A. Feb. 22, 2005), *aff'g* No. A 77 993 890 (Immig. Ct. N.Y. City Jan. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ In *Shi Liang Lin*, this Court concluded that the statutory scheme under § 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308. Thus, as the Government correctly asserts, Lin was not entitled to asylum based solely on his girlfriend's forced abortion, regardless of their marital status. *Id.*

■ Moreover, the record supports the BIA's finding that Lin failed to demonstrate that he was persecuted under a coercive population control program. *See* 8 U.S.C. § 1101(a)(42)(B). Lin alleged only that family planning officials accused him of getting his girlfriend pregnant and threatened to sterilize him if they could not find her. The IJ properly found that

---

**2.** The record reflects that Xing Yue Lin is the petitioner's alias.

the harm described by Lin did not amount to past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment").

Furthermore, because Lin failed to challenge in his brief to this Court the IJ's determination that he failed to establish a well-founded fear of persecution, we decline to review that issue. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (declining to address issues not sufficiently argued in the petitioner's brief). As such, substantial evidence supports the agency's denial of asylum.

Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim based on his own resistance to a coercive family planning policy, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). We therefore do not reach the IJ's alternative findings.

Last, because Lin has failed to challenge either the denial of his illegal departure claim or his application for relief under the CAT in his brief to this Court, we deem those claims waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).